## Commonwealth ex rel. King, Appellant, *v.* Louden.

*Parent and child—Custody—Habeas corpus—Welfare of children.*

On a petition for a writ of habeas corpus brought by a father to obtain custody of his children, the court properly dismissed the petition, where it appeared that the mother of the children was dead; that both parties to the suit were people of good character; that the children were in the custody of their maternal grandfather with whom they preferred to live; that the father's duties frequently required him to be absent from home; and that the welfare of the children would be better secured by having them remain in the grandfather's custody.

Argued October 8, 1925.   Appeal No. 65, October T., 1925, by relator, from decree of M. C. Philadelphia County, No. 55882, in the case of Commonwealth ex rel. Robert W. King v. G. Heidel Louden.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Petition for writ of habeas corpus,   Before LEWIS, J.
The facts are stated in the opinion of the Superior Court.
The writ was refused.   The relator appealed.

*Error assigned,* was the order of the court.

*Francis H. Bohlen, Jr.,* and with him *Thomas D. Caldwell* and *Saul, Ewing, Remick & Saul,* for appellant.—The father has a right to the custody of the children:  Commonwealth ex. rel. Parker v. Blatt, 165 Pa.

213; Heinemann's Appeal, 96 Pa. 112; Commonwealth ex. rel. v. Hogan, 14 D. R. 196; Pote's Appeal, 106 Pa. 574.

*Francis J. McCarthy,* and with him *Thomas A. Logue,* for appellee.—The best interests and permanent welfare of the children control: Commonwealth ex rel. Meyer Bloomfield, Appellant, v. Benjamin Faxstein, 84 Pa. Sup. 243; Commonwealth ex rel. Kelley vs. Kelley, 83 Pa. Sup. 17, and Commonwealth ex rel. Weber v. Miller, Appellant, 84 Pa. Sup. 409.

OPINION BY TREXLER, J., February 26, 1926:

This is a petition for a writ of habeas corpus brought by Captain Robert W. King, of the United States Army, for the custody of four of his five children, whose ages at the time of the hearing were as follows: Robert W. King, sixteen; James Heidel King, fourteen; Charlotte King, eleven; Regina King, nine. The custody of the oldest child, Mary Regina King was not asked for on account of her age. The children in question are the offspring of the Captain and his first wife who was a sister of the present wife. His first wife died October 15th, 1918. He married his present wife on June 23rd, 1920, and lived with her at the home of her parents in Philadelphia. This continued until October 15th, 1921, when the petitioner went to Washington, leaving the children and the second wife with the grandparents. He has sustained no relations with the second wife since 1921. He has, however, contributed to their support. They have spent vacations with him and in the summer of 1923 two of the boys stayed with him for some time at the State Camp Mt. Gretna. In 1924 he again invited the boys to spend a couple weeks with him and the oldest boy excused himself, saying he would have a better time with some boys at another camp, and the father consented to this, but it required a peremptory letter to the second boy

before he came to spend the two weeks with him.  He seems to conclude from this that there may be some influence at work to cause the children to dislike him, although it is only a conjecture on his part, and there is nothing in the testimony to support it.  He would prepare a home for the children, of which it was his intention that the oldest daughter should take charge, but she states that she will not do this.  The only alternative presented was to put them in the household of some friends of the petitioner who were willing to take them.  The duties of the Captain require him to be absent from home frequently.

There is an action of divorce pending between the petitioner and his second wife in Dauphin County. The contest as to the possession of these children is between the petitioner and the grandfather, who has the custody of them.  The Lower Court awarded the custody of the children to the grandfather.  It is admitted that both parties to this suit are people of good character and the only question is what is best for the welfare of the children.  This case is rather peculiar in that both parties have a good opinion of each other. The children were asked as to which custody they preferred.  They all expressed affection for their father, but said they preferred to live with the grandfather. The Lower Court gave sympathetic hearing to both sides, recognizing that the case presented some difficulty.  The conclusion reached was justified.  The court stated, ''We think that living with the respondent these children have a better home life than they could have were the Court to transplant them at this time to a new environment among strangers, the only blood relation being the father.''  It is understood of course that the father is to have access to the children at all reasonable times and the opportunity of his visiting them and they visiting him, should be afforded.  It would be a pity if these children should be estranged

COM. ex rel. KING, Appellant *v.* LOUDEN.    333

330, (1926).]          Opinion of the Court.

from their father, and if at any time such design should manifest itself on the part of the persons having the custody of the children, the Lower Court we are sure would be ready to modify or change the order. We are convinced that the best interest and welfare of the children are secured by the present order.

The assignment of error is overruled and the decree of the Lower Court dismissing habeas corpus is affirmed.